Filed 10/5/22  P. v. Bonilla CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MATTHEW ALEJANDRO BONILLA,<br><br>    Defendant and Appellant. | 2d Crim. No. B313858<br>(Super. Ct. No. LA091974)<br>(Los Angeles County) |

Matthew Alejandro Bonilla appeals a judgment entered following conviction of attempted murder, misdemeanor destruction of property, misdemeanor battery on a person in a dating relationship, and assault with a deadly weapon (knife), with findings of personal use of a deadly weapon and infliction of great bodily injury.  (Pen. Code, §§ 664, 187, subd. (a), 594, subd. (a), 243, subd. (e)(1), 245, subd. (a)(1), 12022, subd. (b)(1), 12022.7, subd. (a).)[1]  We remand to allow the trial court to

---

[1] All statutory references are to the Penal Code.

exercise its discretion pursuant to recently amended section 654, but otherwise affirm. (Stats. 2021, ch. 441, § 1 (Assem. Bill No. 518 (2021-2022 Reg. Sess.).).)

This appeal concerns the application of Assembly Bill No 518 to selection of which felony conviction to punish and which to stay pursuant to section 654.

*FACTUAL AND PROCEDURAL HISTORY*

On January 12, 2020, Andres Tomas, an Uber driver, drove Bonilla and his girlfriend A.O. to a convenience store in the Van Nuys/Burbank area. Bonilla behaved aggressively and A.O. was upset.

Bonilla and A.O. left the convenience store and continued down the street. Frederick Green, an unarmed security guard in plain clothing, saw them arguing and hitting each other as they walked. Bonilla hit A.O. and she fell, striking her head on the sidewalk curb. Green testified that "she was taking so many hits and she just was just going down . . . like after the . . . fifth or fourth hit." Bonilla stood over A.O. and continued to strike her.

Green shouted at Bonilla to stop striking A.O. Bonilla approached Green and threw a punch at him. Green responded in kind. Bonilla then threatened to kill Green.

Bonilla removed a large kitchen knife from his waistband, chased Green, and then stabbed him three times. Bonilla stated that he would kill Green. Surveillance cameras captured the stabbing and the videotape was played at trial. Uber driver Tomas also captured the stabbing on his cellular telephone. Bonilla ran toward Tomas, pushed him, grabbed the telephone, and destroyed it.

A nearby uniformed security guard drew his gun and ordered Bonilla to stop. Bonilla charged the guard who then ran.

2

As Bonilla chased the guard, Bonilla dropped the knife. A martial arts instructor took the knife into the nearby martial arts school.

A.O. testified at trial and denied that she and Bonilla argued that day or that he struck her. She also stated that she did not see him stab Green or take the Uber driver's telephone.

With the enhancements on count 1, the trial court sentenced Bonilla to an 11-year prison term. For count 4, assault with a deadly weapon, the court then imposed but stayed the upper term of four years plus three years for the great bodily injury enhancement and one year for the weapon enhancement. (§§ 245, subd. (a)(1), 654.)

On appeal, Bonilla contends that his case should be remanded to allow the trial court to exercise its discretion pursuant to Assembly Bill No. 518 regarding sentencing counts 1 and 4. The Attorney General concedes that Bonilla is entitled to the ameliorative benefits of Assembly Bill No. 518 because his case is not yet final.

## DISCUSSION

Assembly Bill No. 518 amends section 654 by removing the requirement that a defendant shall be punished under the provision providing for the longest term of imprisonment. It grants the trial court discretion to impose punishment under any of the applicable provisions. (*People v. Mendoza* (2022) 74 Cal.App.5th 843, 862 [pursuant to Assembly Bill No. 518, trial court has discretion to select which offense is punishable].) Bonilla is entitled to the benefit of Assembly Bill No. 518, permitting the trial court to exercise its sentencing discretion pursuant to section 654. (See also *In re Estrada* (1965) 63 Cal.2d 740.)

At sentencing, the trial judge stated that he was "struggling . . . whether the midterm or the high term [for count 1] is appropriate." He referred to the severity of Green's injuries, Bonilla's criminal history (a prior strike not alleged), Bonilla's mental illness, and Bonilla's age (28). He then decided upon a midterm sentence for count 1. Under these circumstances, we cannot determine with a degree of certainty that a remand would be futile.

Upon remand, the trial court shall consider its discretion to impose an eight-year sentence for count 4 in lieu of the 11-year sentence it imposed for count 1. We express no opinion regarding the court's exercise of discretion. (*People v. Buycks* (2018) 5 Cal.5th 857, 893.)

### DISPOSITION

We remand for sentencing regarding Assembly Bill No. 518, but otherwise affirm.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.*

---

* Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Gregory A. Dohi, Judge

Superior Court County of Los Angeles

_____

William Paul Melcher, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Gary A. Lieberman, Deputy Attorneys General, for Plaintiff and Respondent.